FILED 182
Honorable Norman L. Merrell President Pro Tem of the Senate Room 423, State Capitol Building Jefferson City, Missouri 65101
Dear Senator Merrell:
This letter is in response to your questions asking as follows:
 "1. Section 51 of Article IV of the Missouri Constitution provides for a period of thirty days for the Senate to act upon appointments made by the governor. Are such days to be measured as calendar days or legislative days?
 "2. If the Senate is not in session (at a special session of the general assembly) for at least thirty calendar or legislative days, may an appointee, whose appointment requires the advice and consent of the Senate and which was not considered by the Senate, continue to hold the office?
 "3. May the appointment be further considered at the next regular session of the general assembly, and if so, in what period of time?
 "4. If the appointment is not considered, is this a rejection which would preclude the appointee from ever being reappointed to the same office or position?"
You also state:
 "The Missouri general assembly is now meeting in special session. The governor has made some appointments in the period between the end of the last regular session of the general assembly and the convening of this special session which will require the advice and consent of the Senate. Apparently he must submit all such appointments to the Senate. See AG Opinion # 24, given on November 10, 1942.
 "The Senate may adjourn before thirty calendar or legislative days have run since the special session convened."
You have asked for an immediate response to your questions; and, therefore, we have attempted to condense our views in order to meet the time limitations imposed upon us.
Section 51 of Article IV of the Missouri Constitution provides:
 "The appointment of all members of administrative boards and commissions and of all department and division heads, as provided by law, shall be made by the governor. All members of administrative boards and commissions, all department and division heads and all other officials appointed by the governor shall be made only by and with the advice and consent of the senate. The authority to act of any person whose appointment requires the advice and consent of the senate shall commence, if the senate is in session, upon receiving the advice and consent of the senate. If the senate is not in session, the authority to act shall commence immediately upon appointment by the governor but shall terminate if the advice and consent of the senate is not given within thirty days after the senate has convened in regular or special session. If the senate fails to give its advice and consent to any appointee, that person shall not be reappointed by the governor to the same office or position."
We have not been able to find a comparable provision elsewhere or case authority directly in point; and, therefore, our study of the question is generally limited to what we believe to be the intent of the voters in adopting such amendment.
The Supreme Court of Missouri in the case of State ex inf.Danforth v. Cason, 507 S.W.2d 405, 409 (Mo. Banc 1973), said:
 "The same standard of interpretation was expressed in Household Finance Corporation v. Schaffner, 356 Mo. 808, 203 S.W.2d 734, 737
(banc 1947), as follows:
 `* * * The only way we can determine what meaning was conveyed to the voters by the provision is to determine what it means to us, giving the words used their ordinary and usual meaning. * * *'
 "Subsequent cases announcing a similar rule include Rathjen v. Reorganized School District R-II of Shelby Co., 365 Mo. 518, 284 S.W.2d 516
(banc 1955), and State ex rel. Curators of the University of Missouri v. Neill, 397 S.W.2d 666 (Mo. banc 1966)."
Section 51 expressly provides that the authority to act of an official first appointed during a legislative recess shall commence immediately upon the appointment by the Governor but shall terminate if the advice and consent of the Senate is not given within thirty days after the Senate has convened in regular or special session. Clearly, the Constitution contemplates that the advice and consent of the Senate must be given in special session or in regular session, whichever first occurs after the appointment.
We take note of the fact that it is not at all unusual for a special session to last for less than thirty calendar days. It is also obvious that generally special sessions would not last thirty legislative days.
Further, the duration of special sessions under Section 20a of Article III of the Missouri Constitution is calculated on a calendar day basis. Such section provides that the legislature stands automatically adjourned on the sixtieth calendar day after the date of convening of a special session unless the legislature has adjourned prior thereto.
We therefore believe that the requirement that the advice and consent of the Senate be given within thirty days after the Senate has convened in regular or special session necessarily means thirty calendar days and not legislative days. Furthermore, we believe that if the Senate adjourns and does not confirm the appointment prior to the expiration of thirty calendar days, the authority of the appointee to act terminates thirty calendar days after the date the Senate convened. It is understood that you are referring to this present special session which convened August 10, 1977. We assume that the session will not be followed by another special session within thirty days of August 10, 1977.
It is also clear that the Constitution expressly provides that if the Senate fails to give its advice and consent to such appointee, that person shall not be reappointed by the Governor to the same office.
Yours very truly,
 JOHN ASHCROFT Attorney General